**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **VANESSA GILL,** | ) |
| **Petitioner,** | ) |
| **vs.** | )   **CIVIL ACTION 2:13-0514-KD-B** |
| **BOBBY BARRETT, *et al.*,** | ) |
| **Respondents.** | ) |

**ORDER**

      This action is before the Court on the Report and Recommendation of the Magistrate Judge (doc. 21).  After due and proper consideration of the issues raised, and there having been no objections filed, the Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) is **adopted in part** as the opinion of this Court, as follows:

      I.  The Court adopts the Magistrate Judge's findings of fact and procedural background (Section I) and discussion (Section II) and finds that Gill is not entitled to habeas relief. Accordingly, it is **ORDERED** that her petition for writ of habeas corpus is **DENIED** and that this action is **DISMISSED**.

      II. The Court declines to adopt the Magistrate Judge's finding that Gill is not entitled to a Certificate of Appealability as to Claim One. (Doc. 21, p. 2, recommending "that if Gill seeks the issuance of a certificate of appealability, her request be denied"; and p. 51-52, finding that "[n]one of Gill's claims would warrant the issuance of a Certificate of Appealability[.]")

      In Claim One, Gill asserts that her rights under the Fourteenth Amendment were violated by the state court's unreasonable application of the standard for sufficient proof set forth in *Jackson v. Virginia*, 443 U.S. 307, 316, 99 S.Ct. 2782 (1979). Specifically, Gill asserts that the

trial court erred by denying her motion for judgment of acquittal based on the sufficiency of the evidence. The Magistrate Judge explained that "[i]n assessing the sufficiency of the evidence to support a state court conviction in a habeas proceeding, the relevant question is 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt". (Doc. 21, p. 13) (quoting *Erwin v. Secretary, Florida Department of Corrections*, 568 Fed. Appx. 749, 751 (11th Cir. 2014) (citing *Jackson,* 443 U.S. at 319)). The Magistrate Judge found, and this Court adopted the finding, that "based upon the evidence presented [at trial] … a rational trier of fact could have, by fair inference, found" that the essential elements of the crime were met. The Magistrate Judge had explained that the "fact that the jury could have drawn contrary inferences favoring Gill based on the same evidence is of no moment because habeas relief is only proper 'where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents." (Doc. 21, p. 20) (citing *Morton v. Sec'y, Dep't of Corr.* 684 F 3d 1157, 1166 (11th Cir. 2012)).

The habeas corpus statute states that an applicant is entitled to appeal a district court's denial of a habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). The statute explains that a "certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484, 120

S.Ct. 1595 (2000) or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell,* 537 U.S. 322, 336, 123 S. Ct. 1029, 1039 (2003) (internal quotations omitted).

The Court finds that Gill could meet her burden to demonstrate that reasonable jurists would find debatable the district court's assessment of Gill's Fourteenth Amendment claim and its decision that the state trial court did not unreasonably apply the standard for sufficient proof identified in *Jackson v. Virginia.*   Therefore, Gill is entitled to a Certificate of Appealability as to Claim One.   Accordingly, it is **ORDERED** that any certificate of appealability filed by Petitioner be **DENIED** as to Claims Two through Six, but **GRANTED** as to Claim One.  Since the Court has found that Gill is entitled to a Certificate of Appealability as to Claim One, if she appeals, and if she is indigent, she would be entitled to appeal *in forma pauperis.*

DONE this 27th day of June 2016.

s/Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE

3