# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| VANESSA GILL, | ) |
| Petitioner, | ) |
| vs. | ) CIVIL ACTION 2:13-0514-KD-B |
| BOBBY BARRETT, *et al.*, | ) |
| Respondents. | ) |

## ORDER

This action is before the Court on Petitioner Vanessa Gill's "Response and Objection to Recommendation of the US Magistrate, in Support of Motion to Reconsider Not Granting Certificate of Appealability on Certain Counts" (doc. 29). Petitioner points out that the Court has granted a COA as to Claim One[1] and moves the Court to reconsider the decision to deny a COA as to Claims Five and Seven,[2] which she alleges are closely related to Claim One. Petitioner argues that a COA should be granted as to Claims Five and Seven because they "relate to the Dallas County Circuit Court trial judge's failure to order the Dallas County District Attorney to 'reveal the deal'" (doc. 29, p. 2).

The habeas corpus statute states that an applicant is entitled to appeal a district court's denial of a habeas corpus petition only where a circuit justice or judge issues a certificate of

---

[1] In Claim One, Petitioner asserted that her rights under the Fourteenth Amendment were violated by the state court's unreasonable application of the standard for sufficient proof set forth in *Jackson v. Virginia*, 443 U.S. 307, 316, 99 S.Ct. 2782 (1979). Specifically, that the trial court erred by denying her motion for judgment of acquittal based on the sufficiency of the evidence.

[2] In Claim Five, Petitioner asserted that her right to due process was violated because the State failed to disclose the deal with the main witness against her in exchange for his testimony, which violated *Brady v. Maryland,* 373 U.S. 83, 83 S. Ct. 1194 (1963). In Claim Seven, Petitioner asserted that she was denied a fair trial because the State withheld the fact that the same witness lied when he testified under oath that he had nor received leniency from prosecution in exchange for his testimony.

appealability. 28 U.S.C. § 2253(c)(1). The statute explains that a "certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595 (2000) or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell,* 537 U.S. 322, 336, 123 S. Ct. 1029, 1039 (2003) (internal quotations omitted).

Upon consideration of the Petitioner's motion for reconsideration and the Report and Recommendation,[3] the Court finds that there are no grounds for reconsideration of the denial of a COA as to Claims Five and Seven. Petitioner Gill has not met her burden to demonstrate that reasonable jurists would find debatable the district court's assessment of Petitioner's Fourteenth Amendment Due Process claim raised in Claims 5 and 7. Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, Petitioner's motion for reconsideration of the denial of a COA as to these claims is DENIED.

DONE this 15th day of August 2016.

s/Kristi K. DuBose<br>
KRISTI K. DuBOSE<br>
UNITED STATES DISTRICT JUDGE

---

[3] The Court adopted the Magistrate Judge's findings that Petitioner had not demonstrated that the state courts' factual findings were erroneous or that the state courts' decisions were contrary to or involved an unreasonable application of clearly established federal law or were based on an unreasonable determination of the facts in view of the evidence presented in the state-court proceedings (docs. 22, 23, Order and Judgment).